**JASON J. MATTIOLI, ESQUIRE**
**MICHAEL J. OSSONT, ESQUIRE**
THE MATTIOLI LAW FIRM
425 Spruce Street, Suite 300
Scranton, PA 18503
Phone: 570-880-7389
Fax: 570-880-7352
Attorneys for Plaintiff
Attorneys IDs: 88766/310437

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE ROSSI | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| KIMBERLY BUGGEY-DAVIES, | : |
| in her official and individual capacities | : |
| | : |
| and | : |
| | : |
| The OLD FORGE POLICE DEPARTMENT | : NO: _____ |
| Defendants. | : |

## <u>COMPLAINT</u>

**AND NOW** comes the Plaintiff, LAWRENCE ROSSI ("ROSSI") by and

through the undersigned counsel, Jason J. Mattioli, Esquire and Michael J. Ossont,

Esquire of The Mattioli Law Firm and file the following Complaint and in support

thereof, aver as follows:

## I.    INTRODUCTION

1.    This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the Commonwealth of Pennsylvania, against the OLD FORGE POLICE DEPARTMENT and Officer KIMBERLY BUGGEY-DAVIES ("BUGGEY-DAVIES"), a police officer employed by the OLD FORGE POLICE DEPARTMENT, in her official and individual capacities.

2.    Plaintiff ROSSI alleges that the Defendants' actions were in violation of the Plaintiff's Fourth and Fourteenth Amendment rights as well as the laws of the Commonwealth of Pennsylvania.

3.    On or about January 27, 2021, ROSSI was charged with one (1) count of Def Trespass Actual Communication To (S); 18 Pa. C.S. § 3503(b)(1).  That citation would later be withdrawn. A copy of the Non-Traffic Docket Sheet is attached as Exhibit "A".

4.    Further, on or about April 7, 2021, ROSSI was charged with one (1) count of Harassment (M3); 18 Pa. C.S. § 2709(a)(4) and one (1) count of Disorderly Conduct Engage in Fighting (S); 18 Pa. C.S. § 5503(a)(1) for an incident that occurred approximately eight (8) months prior to the filing of charges. Those charges would be dismissed at a preliminary hearing for lack of probable

2

cause.  A copy of the Criminal Complaint and Affidavit of Probable Cause is attached as Exhibit "B".

5.     Plaintiff ROSSI alleges that Defendant BUGGEY-DAVIES conducted not one (1) but two (2) false arrests of Plaintiff without cause along with other violations of his rights.

6.     Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the OLD FORGE POLICE DEPARTMENT and the OLD FORGE POLICE DEPARTMENT is liable for the constitutional violations committed against ROSSI.

7.     Plaintiff believes and therefore avers that the OLD FORGE POLICE DEPARTMENT maintained, tolerated, permitted and acquiesced in policies, practices and customs that among other things subjected persons to unlawful seizures and subjected persons to false arrest among other dangerous and unlawful violations of person's constitutional rights.

8.     It is further believed and therefore averred that the OLD FORGE POLICE DEPARTMENT condoned officers in the belief that violations of the rights of persons would not be deemed a dereliction of duty or in violation of the sworn oath of being a police officer in the Commonwealth of Pennsylvania, and that such conduct would and will not adversely affect those officers' opportunities for promotion and/or other employment benefits.

9.     These actions and/or inactions by the OLD FORGE POLICE DEPARTMENT were conducted and/or not conducted with deliberate indifference, gross negligence and reckless disregard to the safety, security and constitutional rights of persons, specifically in this case ROSSI.

## II.     JURISDICTION AND VENUE

10.     This action arises out of violations of 42 U.S.C. § 1983 and the common law.

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all defendants reside in this State and all or some of the defendants reside in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.     THE PARTIES

13.     Plaintiff, LAWRENCE ROSSI, is an adult and competent individual residing in Old Forge, Lackawanna County, Pennsylvania.

14.     Defendant, KIMBERLY BUGGEY-DAVIES, is an adult individual, who, during all relevant times, was employed by the OLD FORGE POLICE DEPARTMENT, as a police officer.

15.    All of BUGGEY-DAVIES' actions and/or inactions were conducted under color of state law.  BUGGEY-DAVIES is sued in her official and individual capacities.  It is believed that BUGGEY-DAVIES is a resident of Lackawanna County, Pennsylvania.

16.    The OLD FORGE POLICE DEPARTMENT ("OFPD") is located in the Old Forge Borough, within their Borough Building, located at 310 S Main St #2, Old Forge, Lackawanna County, Pennsylvania 18518.

17.    OFPD is the police agency within the Old Forge Borough and the Commonwealth of Pennsylvania.  OFPD is a full-service law enforcement agency which handles both traffic and criminal law enforcement.

18.    Ofc. BUGGEY-DAVIES was employed by the OFPD at all times relevant to this Complaint.

## IV.    BACKGROUND

19.    The Plaintiff incorporates paragraphs one (1) through eighteen (18) by reference with the same force and effect as if they were set forth at length herein.

20.    On or about January 27, 2021, ROSSI was charged with one (1) count of Def Trespass Actual Communication To (S); 18 Pa. C.S. § 3503(b)(1). That citation would later be withdrawn. *See,* Exhibit "A".

21. Further, on or about April 7, 2021, ROSSI was charged with one (1) count of Harassment (M3); 18 Pa. C.S. § 2709(a)(4) and one (1) count of Disorderly Conduct Engage in Fighting (S); 18 Pa. C.S. § 5503(a)(1) for an incident that occurred approximately eight (8) months prior to the filing of charges. Those charges would be dismissed at a preliminary hearing for lack of probable cause. *See*, Exhibit "B".

22. It appears as if Ofc. BUGGEY-DAVIES met with Larry SEMENZA ("SEMENZA") the ex-police chief of OFPD and former boss of Ofc. BUGGEY-DAVIES who now works for DUNBAR'S EVERGREEN LANDSCAPING ("DUNBAR'S EVERGREEN") and/or BIRCHWOOD ESTATES REALTY, LLC ("BIRCHWOOD ESTATES") which are both owned by GEORGE A. DUNBAR, Jr. ("DUNBAR").

23. SEMENZA on behalf of DUNBAR made complaints to Ofc. BUGGEY-DAVIES about ROSSI potentially trespassing on property that DUNBAR believed was not ROSSI's.

24. SEMENZA on behalf of DUNBAR claimed that ROSSI was walking his dog on property that he was told by DUNBAR not to be on.

25. Interestingly, with respect to the property adjacent to ROSSI's, a Deed was recorded with the Lackawanna County Recorder of Deeds naming NICOLE M. DUNBAR ("N. DUNBAR") as the owner of the property adjacent to ROSSI's

not DUNBAR'S EVERGREEN, not BIRCHWOOD ESTATES and not DUNBAR or SEMENZA.  A copy of the Deed is attached as Exhibit "C".

26.     Therefore, at the time of the initial Complaint by SEMENZA on behalf of DUNBAR, DUNBAR had no standing to make the complaint, regardless of who is deemed to own the property where ROSSI was allegedly seen.

27.     Furthermore, ROSSI claims title to the property where he was allegedly trespassing and a civil action to quiet title has been filed in the Lackawanna County Court of Common Pleas under docket number 2021 CV 1281.

28.     Ofc. BUGGEY-DAVIES did no investigation into who was the owner of the property where the alleged trespass took place.

29.     Additionally, ROSSI informed Ofc. BUGGEY-DAVIES that BIRCHWOOD ESTATES, DUNBAR, DUNBAR'S EVERGREEN, his contractors, subcontractors, employees as well as others were all continually trespassing on land adjacent to property formerly owned by DUNBAR by having a driveway/roadway paved which is half on N.DUNBAR's property and/or property disputed in the quiet title action and half on the neighboring property owned by the Adomiaks.

30.     Interestingly, no one who was seen to have continually trespassed there was charged, no report was written and it appears as if the OFPD and

BUGGEY-DAVIES are playing favorites due to the fact their ex chief is employed by DUNBAR and/or his companies.

31.     Ofc. BUGGEY-DAVIES charged ROSSI with a non-traffic citation because SEMENZA, her old boss and confidant, said that ROSSI was trespassing on land owned by DUNBAR, a blatant lie that could have easily been sorted out had BUGGEY-DAVIES done any investigation whatsoever.

32.     On March 19, 2021, counsel for the Plaintiff made Chief JASON DUBERNAS ("DUBERNAS") and BUGGEY-DAVIES aware of the improper conduct of the OFPD with respect to charging ROSSI by way of letter. A copy of the letter is attached as Exhibit "D".

33.     The letter pointed out that ROSSI was told by DUBERNAS that this was a "civil matter".   However, BUGGEY-DAVIES then filed a "criminal" trespass charge at the behest of SEMENZA.

34.     Additionally, it was explained that there was a dispute between who owned the land and that ROSSI claims the land he was allegedly trespassing on as his own.

35.     What was clearly pointed out in the letter is that DUNBAR did not have title to any of the properties where trespassing was complained of by SEMENZA on behalf of DUNBAR.

36.    It is interesting that neither DUNBAR, his employees, his family members, contractors and/or subcontractors were charged with trespass when it was clearly pointed out by ROSSI's counsel that a continuing trespass by all of those individuals was occurring daily because the driveway paved by DUNBAR and/or his companies encroaches on and travels over the land of the Adomiaks. There is no easement or permission for the pavement or the continuous trespasses to take place.

37.    It appears BUGGEY-DAVIES found it proper to charge ROSSI with a trespass on property not owned by the complainant but when ROSSI, through his counsel, brought up the continuing trespass of DUNBAR and others, nothing was done, no report was created and no charges were filed.

38.    As no investigation was done to show that ROSSI actually trespassed or that the complainant actually had the authority to make the complaint, the Lackawanna County District Attorney's Office through Deputy District Attorney Brian Gallagher advised BUGGEY-DAVIES to withdraw the summary non-traffic citation against ROSSI.

39.    The non-traffic summary citation was withdrawn on April 1, 2021.

40.    However, the violation of ROSSI's rights did not end on April 1, 2021.

41.     As noted above, on April 7, 2021, Ofc. BUGGEY-DAVIES filed a criminal complaint against ROSSI for one (1) count of Harassment (M3); 18 Pa. C.S. § 2709(a)(4) and one (1) count of Disorderly Conduct Engage in Fighting (S); 18 Pa. C.S. § 5503(a)(1) for an incident that occurred approximately eight (8) months prior on August 10, 2020.

42.     DUNBAR was the alleged "victim" of those allegations.

43.     These charges all stemmed from a meeting between, Deputy District Attorney Brian Gallagher, DUNBAR, DUNBAR's daughters, Chief DUBERNAS and BUGGEY-DAVIES on March 22, 2021.

44.     ROSSI filed an injunction with respect to a disputed easement with BIRCHWOOD ESTATES on ROSSI's property on March 18, 2021 before the Honorable Vito P. Geroulo of the Lackawanna County Court of Common Pleas just days before the meeting.

45.     It is apparent that in light of the fact that the trespass charge was going to be dismissed for lack of probable cause and that an injunction had been filed by ROSSI, that DUNBAR needed to manipulate the OFPD and BUGGEY-DAVIES to wrongfully charge ROSSI for an incident that happened seven (7) months prior to this meeting and after DUNBAR and/or his associates, specifically SEMENZA had contacted the OFPD and BUGGEY-DAVIES on several occasions to make other complaints.

46.     Not one time or during any other conversation prior to March 22, 2021 did SEMENZA, DUNBAR or anyone else report this incident in any and/or all of the communication they had with the OFPD and BUGGEY-DAVIES prior to criminal trespass charges being brought and subsequently dismissed.

47.     Furthermore, in September of 2020, after the "alleged incident" in August of 2020, DUNBAR, with his counsel, went to the ROSSI property to meet and discuss the properties with ROSSI and his counsel.

48.     On March 24, 2021, the Honorable Vito P. Geroulo of the Lackawanna Court of Common Pleas issued a ruling with respect to the injunction that was not favorable to DUNBAR adding to DUNBAR's dismay with the situation and intensified the pressure on the OFPD, specifically BUGGEY-DAVIES and her friendship with SEMENZA.  A copy of the Order is attached as Exhibit "E".

49.     The intimidation and manipulation continued as employees of DUNBAR blocked a shed containing ROSSI's property on or about May 4, 2021. A set of photographs depicting the shed and the trailer are attached as Exhibit "F".

50.     ROSSI contacted the OFPD and was told that they could not help ROSSI retrieve the items from his shed, and it is unclear whether or not DUNBAR or any of his employees were even contacted about the situation.

51.    A preliminary hearing was held on June 1, 2021 with respect to the harassment and disorderly conduct charges. A transcript of the proceedings is attached as Exhibit "G".

52.    DUNBAR admitted during his testimony that he never made a report about this alleged harassment incident until March 22, 2021.  Exhibit "G" at pg. 21; lines 5-22.

53.     DUNBAR did not make any reports, did not call the police, did not go to the police station, and did not have his civil lawyers write a letter to ROSSI. *See*, Exhibit "G", pgs. 21-23, generally.

54.    DUNBAR only made the report about this alleged "incident" after the Commonwealth was forced to withdraw the citation for trespass and after the ruling on the injunction was unfavorable, in a continued attempt by DUNBAR with and through BUGGEY-DAVIES of OFPD to intimidate, harass and annoy ROSSI.

55.    It is clear from the actions of BUGGEY-DAVIES and the OFPD that DUNBAR, his employees and/or his companies are allowed to do whatever they want in Old Forge and the OFPD will not intervene unless DUNBAR and/or SEMENZA request their assistance, regardless of the rights of others, most specifically, ROSSI.

56.    To date, the issue of DUNBAR, his employees, family members, etc. continuously trespassing has not been addressed, no report or mention of the

attempted intimidation outside of the Lackawanna County Criminal Justice Center has been documented and ROSSI has still not been helped by the OFPD to gain lawful access to his shed and its belongings.

57.   ROSSI's rights continue to be violated every day.

## COUNT ONE
### Plaintiff ROSSI v. Defendant BUGGEY-DAVIES
### 42 U.S.C. § 1983- Fourth and Fourteenth Amendments
### (Unlawful Seizure)

58.   Plaintiff incorporates herein paragraphs one (1) through fifty-seven (57) by reference with the same force and effect as if they were set forth at length.

59.   A Plaintiff asserting a civil rights violation under §1983 must establish (1) the depravation of a right secured by the United States Constitution or federal law; and (2) that the alleged violation was committed by a person acting under color of state law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)(*quoting* Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir 1995)).

60.   BUGGEY-DAVIES was acting under the color of state law during the alleged incident as a police officer with the OFPD.

61.   On January 27, 2021, BUGGEY-DAVIES arrested ROSSI without probable cause or doing any criminal investigation whatsoever into the claims of a complainant that did not even have standing to make the complaint.

62.    This was confirmed when the Lackawanna County District Attorney's Office advised Ofc. BUGGEY-DAVIES to withdraw the charges.

63.    Additionally, on April 7, 2021, Ofc. BUGGEY-DAVIES again arrested ROSSI for an incident that allegedly took place on or about August 10, 2020, eight (8) months prior to these charges.

64.    "The Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution provide that individuals shall be free from unreasonable searches and seizures." Commonwealth v. Clark, 558 Pa. 157, 162, 735 A.2d 1248, 1251 (1999) (citation omitted).

65.    "An arrest exists when the police intended to take the defendant into custody and the defendant was subjected to the actual control and will of the police." Commonwealth v. Yandamuri, 639 Pa. 100, 124, 159 A.3d 503, 518 (2017), citing Commonwealth v. Lovette, 498 Pa. 665, 450 A.2d 975, 978 (1982).

66.    Defendant BUGGEY-DAVIES' filing of charges against ROSSI was a seizure of his person and as set forth above was without probable cause in both instances.

67.    BUGGEY-DAVIES' seizure, unlawful arrest and continued prosecution of ROSSI, without probable cause, constituted a violation of his Fourth and Fourteenth Amendment rights.

68.    BUGGEY-DAVIES' conduct was therefore a deprivation, under color of state law, of rights guaranteed to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

69.    BUGGEY-DAVIES' conduct was conducted with malice.

70.    As a result of BUGGEY-DAVIES' violations of the Plaintiff's Constitutional rights, ROSSI suffered substantial injuries and damage.

**COUNT TWO**
**Plaintiff ROSSI v. Defendant BUGGEY-DAVIES**
**42 U.S.C. § 1983- Fourth and Fourteenth Amendments**
**(False Arrest)**

71.    Plaintiff incorporates by reference paragraphs one (1) through seventy (70) by reference with the same force and effect as if they were set forth at length.

72.    To bring a claim of either false arrest or false imprisonment under the Fourth Amendment, a plaintiff must state: "(1) the detention of the person, and (2) the unlawfulness of that detention." Marable v. W. Pottsgrove Twp., 176 F. App'x 275, 280 (3rd Cir. 2006)(internal citations omitted).

73.    In Pennsylvania, "[t]he elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994).

74. BUGGEY-DAVIES, without any probable cause falsely arrested Plaintiff unlawfully thus violating ROSSI's rights and causing him harm.

75. BUGGEY-DAVIES engaged in two illegal arrests for unsupported charges on both January 27, 2021 and April 7, 2021.

76. There was no evidence to support either of BUGGEY-DAVIES' arrests of ROSSI for any of the charges she alleged.

77. After her investigations, BUGGEY-DAVIES had no evidence that ROSSI was in violation of any of the criminal statutes cited by BUGGEY-DAVIES in either her non-traffic citation and/or her criminal complaint.

78. Therefore, BUGGEY-DAVIES falsely arrested the Plaintiff without probable cause.

79. As a result of BUGGEY DAVIES' false arrest of the Plaintiff, ROSSI has suffered substantial injuries and damage.

## COUNT THREE
### Plaintiff ROSSI v. Defendant BUGGEY-DAVIES
### 42 U.S.C. § 1983-Fourteenth Amendment
### (Malicious Prosecution)

80. Plaintiff incorporates by reference paragraphs one (1) through seventy-nine (79) by reference with the same force and effect as if they were set forth at length.

81.     In Pennsylvania, in order to assert a cause of action for malicious prosecution, a plaintiff must allege that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." Zlomsowitch v. E. Penn Twp., No. 3:11- CV -3131, 2012 U.S. Dist. LEXIS 62022 at *14 (M.D. Pa. May 3, 2012)(*citing* Kelly v. Gen'l Teamsters, Local Union 249, 518 Pa. 517, 544 A.2d 940, 941 (Pa. 1988)).

82.     As noted above, BUGGEY-DAVIES initiated a criminal proceeding on or about January 27, 2021, ROSSI was charged with one (1) count of Def Trespass Actual Communication To (S); 18 Pa. C.S. § 3503(b)(1).

83.     Further, on or about April 7, 2021, ROSSI was charged with one (1) count of Harrassment (M3); 18 Pa. C.S. § 2709(a)(4) and one (1) count of Disorderly Conduct Engage in Fighting (S); 18 Pa. C.S. § 5503(a)(1) for an incident that occurred approximately eight (8) months prior to the filing of charges.

84.     The charge of Def Trespass Actual Communication To (S); 18 Pa. C.S. § 3503(b)(1) was withdrawn by BUGGEY-DAVIES only after she was advised by the Lackawanna District Attorney's Office that she did not have the requisite probable cause to make the arrest or a complainant that had standing to complain.

85.     Further, the charges of Harassment (M3); 18 Pa. C.S. § 2709(a)(4) and Disorderly Conduct Engage in Fighting (S); 18 Pa. C.S. § 5503(a)(1) were dismissed by the Honorable Magisterial District Judge Paul Ware on June 1, 2021 because BUGGEY-DAVIES lacked the requisite probable cause to arrest ROSSI.

86.     Clearly, all criminal proceedings against ROSSI ended in favor of the Plaintiff as all charges were withdrawn by the Commonwealth and/or dismissed by the courts.

87.     BUGGEY-DAVIES cannot establish probable cause for the initiation of either of the criminal proceedings against the Plaintiff.

88.     BUGGEY-DAVIES acted maliciously and for a purpose other than bringing the Plaintiff to justice.

89.     As a result of BUGGEY-DAVIES' malicious prosecution of the Plaintiff, ROSSI has suffered substantial injuries and damage.

### COUNT FOUR
### Plaintiff ROSSI v. Defendant BUGGEY-DAVIES
### 42 U.S.C. § 1983-Fourteenth Amendment
### (Abuse of Process)

90.     Plaintiff incorporates by reference paragraphs one (1) through eighty-nine (89) by reference with the same force and effect as if they were set forth at length.

91.    To establish a claim for abuse of process the plaintiff must show that the defendant, "(1) used the legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Cruz v. Princeton Ins. Co., 972 A.3d 14, 15 n.1 (Pa. Super. 2009)(citations omitted).

92.    BUGGEY-DAVIES used the criminal legal process against the Plaintiff to charge him with crimes unsupported by probable cause.

93.    BUGGEY-DAVIES' purpose in using such legal process was primarily to accomplish a purpose for which it was not designed; to unlawfully arrest the Plaintiff and intimidate, harass and annoy him on behalf of DUNBAR and/or SEMENZA.

94.    This abuse of the legal process proximately caused damage to the Plaintiff.

**COUNT FIVE**
**Plaintiff ROSSI v.**
**Defendants OLD FORGE POLICE DEPARTMENT**
**42 U.S.C. § 1983-Fourth and Fourteenth Amendments**
**(Supervisor and Municipal Liability)**

95.    Plaintiff incorporates by reference paragraphs one (1) through ninety-four (94) by reference with the same force and effect as if they were set forth at length.

96.     A municipality may be held liable if its policies, practices, and/or customs are the moving force behind the deprivation of an individual's constitutional rights.  *See*, Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 691 (1978).

97.     Moreover, a municipality's failure to properly train its employee and officers can amount to a "custom" that will trigger liability under Section 1983. *See*, City of Canton v. Harris, 489 U.S. 378, 388 (1989).

98.     Deliberate indifference to a training need may be established when a policymaker has knowledge of a "pattern of similar constitutional violations by untrained employees" but takes no action to augment or alter the municipality's employee training programs accordingly.  *See*, Lapella v. City of Atl. City, No. 10-2454, 2012 WL 2952411 at *7 (D.N.J. July 18, 2012)(*citing* Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011)); Bielevicz v. Dubinon, 915 F.2d 845, 851(3rd Cir. 1990).

99.     OFPD maintained, tolerated, permitted and acquiesced in policies, practices and customs that among other things subjected persons to unlawful seizures and subjected persons to false arrests among other dangerous and unlawful violations of persons' constitutional rights.

100.    These policies, practices and customs were the moving force that resulted in the Plaintiff's constitutional and statutory rights being violated.

101.   It is believed that discovery will further reveal that OFPD knew of a "pattern of similar constitutional violations" by improperly trained and improperly supervised employees.

102.   Further it is believed that discovery will reveal that OFPD condoned and/or encouraged officers in the belief that violations of the rights of persons would not be deemed a dereliction of duty or in violation of the sworn oath of police officers in the Commonwealth of Pennsylvania, and that such conduct would and will not adversely affect those officers' opportunities for promotion and/or other employment benefits.

103.   It is also believed that discovery will reveal these actions and/or inactions by OFPD, were conducted and/or not conducted with deliberate indifference, gross negligence and reckless disregard to the safety, security and constitutional rights of persons, specifically in this case ROSSI.

104.   These policies, customs and practices were the moving force behind the deprivation of the Plaintiff's rights.

## COUNT SIX
### Plaintiff ROSSI v. All Defendants
### (Intentional Infliction of Emotional Distress)

105.   Plaintiff repeats and alleges again each and every allegation contained in paragraphs one (1) through one hundred four (104) as if fully repeated herein.

106.   Defendants, by their extreme and outrageous conduct, intentionally or recklessly caused ROSSI to suffer severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A.      Enter judgment in favor of the Plaintiff against the Defendants;

B.      Enter an order declaring Defendant BUGGEY-DAVIES' conduct unconstitutional;

C.      Award the Plaintiff compensatory and punitive damages against the Defendants;

D.      Award the Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provisions of law;

E.      Enter a permanent injunction, upon proper motion, requiring Defendant OFPD to adopt appropriate policies related to the hiring, training, supervision and discipline of its officers; and

F.      Grant to the Plaintiff such other and further relief as may be just and proper under the circumstances, including by not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.


Respectfully submitted:

THE MATTIOLI LAW FIRM
By:     */s/ Jason J. Mattioli*
          Jason J. Mattioli, Esquire
          Pa. ID: 88766

          */s/ Michael J. Ossont*
          Michael J. Ossont, Esquire
          Pa. ID: 310437